IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

KAREN STORK )
)
      PLAINTIFF )
)
V ). 
) Case NO. 1022-CC01219
)
UPS CORPORATION )
)
      DEFENDANT )

PETITION

Comes now Plaintiff and for her cause of action states:

1. Plaintiff is a resident and citizen of Jefferson County, Missouri.

2. Defendant is a corporation within the State of Missouri, and operates a delivery service of parcels, said corporation known as UPS and at all times mentioned was acting by and through its agents, servants and employees.

4. At all times mentioned, Defendant had the duty to employ skillful and competent managers and supervisors for Plaintiff in her duties with Defendant, but rather employed supervisors who were incompetent and unfit as managers in directing and supervising Plaintiffs position as a driver for the delivery of parcels.

5. That commencing in 2006 up until her discharge in July 2007, Plaintiff while being employed as an employee driver was subjected to the following conditions by managerial employees which was threatening, aggressive and disrespectful and

humiliating in the following respects, to wit:

a. In April 2007 Karen Stork was a full time driver, known as an X driver, and was paid the sum of $27.17/per hour. As an X driver she was permitted to request a particular route a week in advance. During her last year with the company, the company changed her status where she was not a X driver where she could not request a particular route in advance as other drivers in her category could

b. Commencing in 2006, and continuing to her discharge different supervisors (salaried employees) kept saying to her in a threatening, aggressive, and disrespectful manner. as well as directing conduct to her in a threatening, aggressive and disrespectful manner as follows:

1. that she was not too smart

2. that she should not take a lunch break.

3. that the company would make a file on her in order to get rid of her which was a method of getting rid of drivers such as her.

4. Repeatedly told her to just quit the job.

5. that she was too small for the job

6. that she could not get a job that paid as well as UPS

7. that she should go to feeders

8. that she would be accused of running late when she was not so running late

9. that she would be followed by supervisors in their personal cars when she was running her delivery routs.

10, She was accused of missing a delivery at a doctor's office and was not allowed or permitted to give an explanation that she had inadequate training to make such a delivery.

11. She was accused of missing packages for delivery.

12. She at one time was operating a truck of defendant which ran out of gas while making deliveries and was required to get the gas herself during a storm with no assistance from defendant company

13 She was provided defective equipment by Defendant company which could not be used by a driver as plaintiff to in the delivery of packages.

14. She was told she would be require to take a test regarding a zip codes in the metropolitan area of the City of St. Louis, and St. Louis County, Missouri

15. That when she sustained n injury on the job, she was told not to file a report of injury since it would be detrimental to the St. Louis office of the Defendant.

6. That the aforesaid type of harassment and conduct was continuous and though plaintiff made numerous complaints to managers and supervisors, no action was taken by the Defendant company, and through its agents, servants and management employees to rectify and control such conduct and statements.

7. That as a direct and proximate result of the aforesaid negligent and unlawful acts of the Defendant by and through agents managers and supervisors, Plaintiff suffered a Major Depressive Disorder, PTSD, and Anxiety Disorder; that all of Plaintiff's physical and psychological injuries are serious and permanent and painful; that Plaintiff suffered economic and monetary loss in the form of lost earnings and pecuniary loss; that she will suffer economic and pecuniary loss in the future

8. That the wanton reckless, careless and negligent acts of the Defendant, by and through its managers and supervisors was wanton, malicious, and intentional and outrageous, because of Defendant's evil motives in allowing this to occur when so

advised of these continual actions thus entitling plaintiff to exemplar damages.

WHEREFORE, Plaintiff prays judgment against Defendant for damages in a sum to exceed Twenty Five Thousand Dollars, for punitive damages together with her costs herein expended.

*[signature]*
Stephen H. Gilmore No. 15922
Attorney for Plaintiff
2525 January Ave.
St. Louis Mo. 63110
(314) 645-2700
(314) 644-2006 fax