UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KAREN STORK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:10CV909 HEA |
| | ) |
| UPS CORPORATION, | ) |
| | ) |
| Defendant. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss, [Doc. No. 7]. Plaintiff opposes the Motion. For the reasons set forth below, the Motion is granted.

**Facts and Background**

Plaintiff filed a suit against Defendant on September 2, 2009 in the Circuit Court for the City of St. Louis, Missouri, alleging age and sex discrimination under the Missouri Human Rights Act. (Stork I). Defendant removed Stork I to this Court on October 15, 2009 based on the Court's diversity of citizenship jurisdiction.

Thereafter, Defendant filed a Motion to Dismiss Stork I wherein Defendant argued that the suit was barred by the two year statute of limitations applicable to her claim. RSMo. § 213.111. Plaintiff responded to the Motion, and Defendant

filed a Reply. On December 31, 2009, the Court entered an Order directing Plaintiff to file an Amended Complaint within 20 days. Plaintiff failed to do so, and on February 9, 2010, the Court ordered Plaintiff to amend her complaint and show cause why the action should not be dismissed with prejudice. Plaintiff again failed to respond to the Court Order, and on March 17, 2010, the Court dismissed Stork I with prejudice.

Plaintiff filed this action, (Stork II), on March 18, 2010 in the Circuit Court for the City of St. Louis, Missouri. In this action, Plaintiff alleges the following:

Beginning in 2006, and up until Plaintiff's discharge from her employment with Defendant, Plaintiff was subjected to conditions by managerial employees which were threatening, aggressive, disrespectful, and humiliating. Specifically, Plaintiff alleges that she was a full time driver for Defendant and was classified as an X driver, which meant she was permitted to request a particular route a week in advance. During the last year of her employment, Plaintiff claims her employment status was changed so that she could not request a particular route. Further, Plaintiff alleges that she was harassed by different supervisors. Plaintiff claims the actions of the managers and supervisors were reckless, careless and negligent. Plaintiff further claims that the actions of the managers were wanton, malicious, intentional, and outrageous.

Defendant removed this matter on May 18, 2010 based on the Court's diversity of citizenship jurisdiction. Defendant now moves for dismissal based on the doctrine of *res judicata*.

**<u>Discussion</u>**

When ruling on a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim, the Court must take as true the alleged facts and determine whether they are sufficient to raise more than a speculative right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The Court does not, however, accept as true any allegation that is a legal conclusion. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009). The complaint must have "'a short and plain statement of the claim showing that the [plaintiff] is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting Fed.R.Civ.P. 8(a)(2)) and then *Conley v. Gibson*, 355 U.S. 41, 47 (1957), abrogated by *Twombly*, supra); see also *Gregory v. Dillard's Inc.*, 565 F.3d 464, 473 (8th Cir.) (en banc), cert. denied, 130 S.Ct. 628 (2009). While detailed factual allegations are not necessary, a complaint that contains "labels and conclusions," and "a formulaic recitation of the elements of a cause of action" is not sufficient. *Twombly*, 550 U.S. at 555; accord *Iqbal*, 129 S.Ct. at 1949. The complaint must set forth "enough facts to

state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; accord *Iqbal*, 129 S.Ct. at 1949; *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). The issue in considering such a motion is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim. See *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

The principle behind the doctrine of *res judicata* is that "[f]inal judgment on the merits precludes the relitigation of a claim on any grounds raised before or on any grounds *which could have been raised* in the prior action." *Poe v. John Deere Co.*, 695 F.2d 1103, 1105 (8th Cir. 1982), (citing *Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 398 (1981)) (emphasis added). "Res judicata prevents the splitting of a single cause of action and the use of several theories of recovery as the basis for separate lawsuits." *Friez v. First Am. Bank & Trust of Minot,* 324 F.3d 580, 581 (8th Cir.2003) (citing *Hartsel Springs Ranch v. Bluegreen Corp.,* 296 F.3d 982, 986 (10th Cir.2002)).

Under Eighth Circuit law, in order for a claim to be precluded under the doctrine of res judicata due to a determination reached in a prior lawsuit, the following five elements must be satisfied: "1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both

suits involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action. Furthermore, the party against whom res judicata is asserted must [ (5) ] have had a full and fair opportunity to litigate the matter in the proceeding that is to be given preclusive effect." *Rutherford v. Kessel,* 560 F.3d 874, 877 (8th Cir.2009) (citations omitted).

The parties do not dispute that a court of competent jurisdiction entered the prior judgment. In addition, the final judgment in Stork I was on the merits. In the earlier case, the Court dismissed Plaintiff's case with prejudice under Federal Rule of Civil Procedure 41(b) for her failure to respond to, or obey, the Court's Orders. A dismissal for under Rule 41(b) "operates as an adjudication on the merits. Fed. R. Civ. P. 41(b); *Jaramillo v. Burkhart*, 59 F.3d 78, 79 (8th Cir. 1995) ("[A] dismissal with prejudice operates as a rejection of the plaintiff's claims on the merits and res judicata precludes further litigation."); *Jiricko v. Moser and Marsalek, P.C.*, 184 F.R.D. 611, 613-16 (E.D.Mo. 1999). Indeed, Plaintiff was given several opportunities to amend her complaint, and the Order of Dismissal specifically stated that the dismissal was with prejudice.

The parties are the same in both cases. The doctrine of *res judicata* prohibits a party from re-litigating a cause of action on grounds that were raised or could have been raised in a prior suit. *Lane v. Peterson*, 899 F.2d 737, 741 (8th

Cir.1990). A party's claim is barred "if it arises out of the same nucleus of operative facts as the prior claim." *Banks v. Int'l Union Electronic, Elec., Technical, Salaried and Machine Workers*, 390 F.3d 1049, 1052 (8th Cir. 2004).

Plaintiff argues that the court should not consider Stork I and Stork II to be the same cause of action because they involve different legal issues. This distinction, however, has no bearing on *res judicata*. "Final judgment on the merits precludes the relitigation of a claim on any grounds raised before or on any grounds *which could have been raised* in the prior action." *Poe,* 695 F.2d at 1105 (emphasis added). The question is not whether the prior and present actions require proof of different legal elements. Rather, the question is whether Plaintiff could have raised her current claims in Stork I. The court concludes that she could have. In Plaintiff's previous case, Plaintiff argued that she was treated differently in her driving assignments and was subjected to comments by male drivers. In this case, the proper parties are again Plaintiff and Defendant and her claims again arise from her employment with Defendant. This time, however, instead of alleging that she was terminated because of age and sex, she now alleges that she was subjected to harassment by and the negligence of managerial employees. Plaintiff does not allege that her new claim is based on facts that occurred after the filing of her original claim. Instead, all of the events giving rise to Plaintiff's

current claim had occurred at the time she filed her first suit against Defendant. Plaintiff could have raised this claim during her first suit, as it is based on the same nucleus of operative facts as her previous claim. As a result, *res judicata* applies to prohibit Plaintiff from litigating this claim.

## Conclusion

Based upon the foregoing, this action is barred by the doctrine of *res judicata*. Stork I and Stork II arise out of the same nucleus of operative facts relating to Plaintiff's employment. Plaintiff's current claims could have, and should have been brought in Stork I. Defendant's Motion to Dismiss, therefore is well taken.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, [Doc. No. 7], is granted.

**IT IS FURTHER ORDERED** that this matter is dismissed, with prejudice.

Dated this 15th day of November, 2010.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE